```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
------------------------------x
ALEJANDRO PROSPER,            :
                              :
          Petitioner,         :
                              :
     v.                       :   Civ. No. 3:18-cv-00090-AWT
                              :
UNITED STATES OF AMERICA,     :
                              :
          Respondent.         :
------------------------------x
```

**RULING ON MOTION PURSUANT TO 28 U.S.C. § 2255**

Petitioner Alejandro Prosper, proceeding pro se, filed a petition pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.  As to one aspect of the petitioner's claims, the court concluded that a hearing was appropriate and appointed counsel to represent the petitioner for purposes of the hearing.  For the reasons set forth below, the petitioner's contentions are without merit and his motion is being denied.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On October 18, 2016, Prosper pleaded guilty to the conspiracy charged in Count One of the Second Superseding Indictment. The parties agreed in the plea agreement that the total offense level was 21, based on a stipulated quantity of not less than 2,000 oxycodone 30 mg tablets, and that the defendant was in Criminal History Category IV.  This resulted in an advisory Guidelines range for imprisonment of 57 to 71 months.

At the plea hearing, Magistrate Judge Merriam asked the defendant if he was satisfied with his attorney and, based on the defendant's response, the court gave him an opportunity to speak to the court outside of the presence of government counsel. Prosper then stated that while he was satisfied with his counsel's explanation of the plea agreement, he thought he could have gotten a better deal with respect to the quantity of narcotics involved had he been represented by a different attorney. See 3:15-cr-00168-AWT-11 Plea Transcript (ECF No. 725) at 14-17. Court was recessed so the defendant and his counsel could speak privately. Once Prosper and his attorney finished their conversation, Magistrate Judge Merriam asked Prosper if he was comfortable with the plea agreement and his lawyer and he replied as follows:

> THE COURT: All right, and are you comfortable now with the plea agreement? Or --
> THE DEFENDANT: Yeah, I understand it a little better.
> THE COURT: Okay. Are you ready to go forward today?
> THE DEFENDANT: Yes.
> THE COURT: All right. So have you received enough information from Mr. Brown?
> THE DEFENDANT: Yes.
> THE COURT: And are you satisfied with his advice?
> THE DEFENDANT: Yes.

Id. at 17.

The plea agreement contained an appellate waiver. The defendant agreed not to appeal or collaterally attack the

sentence imposed by the court if the "sentence does not exceed 71 months, a three-year term of supervised release, a $100 special assessment, and a fine of $1 million . . . ." 3:15-cr-00168-AWT-11 Plea Agreement (ECF No. 405) at 4. Government counsel talked about the appellate waiver as part of a review of the terms of the plea agreement. A bit later, Magistrate Judge Merriam specifically directed the defendant's attention to the part of the plea agreement that set forth the appellate waiver. She had the defendant sit down so he could read it better, stating, "And Mr. Prosper, if you want to be seated, I want to make sure you can really read that while we're talking about it." Plea Transcript at 37. The judge then explained the appellate waiver in detail to the defendant and asked him if he understood it. Prosper responded in the affirmative. Magistrate Judge Merriam made a finding and recommendation that the guilty plea should be accepted, and it was accepted.

    The Presentence Report concluded that the defendant was actually in Criminal History Category V, as opposed to Criminal History Category IV.  However, in light of the parties' plea agreement, the court departed pursuant to <u>United States v. Fernandez</u>, 877 F.3d 1138 (2d Cir. 1989) to the agreed upon advisory Guideline range of 57 to 71 months. The court imposed a sentence of 57 months of imprisonment, to be served concurrently

3

with the state sentence the defendant was serving and to be followed by a four-year term of supervised release. Because the appellate waiver only covered up to a three-year term of supervised release, the court advised the defendant that he had the right to appeal the imposition of a four-year term of supervised release. The defendant replied in the affirmative to the court's inquiry as to whether he understood his right to appeal.

The petition sets forth a number of claims. In Claim One, Prosper claims that his waiver of his right to appeal and collaterally attack his sentence was entered into "without full understanding of the rights he was relinquishing." Petition (ECF No. [1]) at 6 of 9. Claim Two is a claim for ineffective assistance of counsel, which has three parts: (1) the defendant's counsel failed to object to misstatements in the Presentence Report; (2) the defendant's counsel failed to argue for a concurrent sentencing departure under § 5G1.3 of the Sentencing Guidelines; and (3) the defendant's counsel failed to file a direct appeal of the sentence when requested to do so. In Claim Three, Prosper contends that he "was denied procedural due process when the district court failed to apply the parsimony principle." Petition (ECF No. 1) at 7.

An evidentiary hearing was held with respect to the claim

that the defendant's counsel failed to file a direct appeal of the sentence when asked to do so.

**II. LEGAL STANDARD**

Federal prisoners can challenge a criminal sentence pursuant to 28 U.S.C. § 2255 "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (internal citation and quotation marks omitted). A petitioner may obtain review of his claims if he has raised them at trial or on direct appeal; if he did not, such a procedural default can be overcome by a showing of "cause" and "prejudice", Ciak v. United States, 59 F.3d 296, 302 (2d Cir. 1995) abrogated on other grounds by Mickens v. Taylor, 535 U.S. 162 (2002) (quoting Wainwright v. Sykes, 433 U.S. 72, 87 (1977)), or a showing of constitutionally ineffective assistance of counsel, see Johnson v. United States, 313 F.3d 815, 817 (2d Cir. 2002); Murray v. Carrier, 477 U.S. 478, 487-88 (1986).

Section 2255 provides that a district court should grant a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). However, "[t]he language of the

statute does not strip the district courts of all discretion to exercise their common sense." Machibroda v. United States, 368 U.S. 487, 495 (1962). In making its determination regarding the necessity for a hearing, a district court may draw upon its personal knowledge and recollection of the case. See Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1997); United States v. Aiello, 900 F.2d 528, 534 (2d Cir. 1990). Thus, a § 2255 petition, or any part of it, may be dismissed without a hearing if, after a review of the record, the court determines that the motion is without merit because the allegations are insufficient as a matter of law.

### III. DISCUSSION

The defendant has waived his right to raise all of his claims except with respect to the imposition of a term of supervised release that was more than three years. His contentions with respect to his attorney not filing an appeal with respect to the four-year term of supervised release are without merit.

#### A. Knowing and Voluntary Waiver

"[I]n no circumstances ... may a defendant, who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy

6

would render the plea bargaining process and the resulting agreement meaningless." United States v. Hawkins, 513 F.3d 59, 61 (2d Cir. 2008), cert. denied, 553 U.S. 1060 (2008). See also United States v. Djelevic, 161 F.3d 104, 106 (2d Cir. 1998) (per curiam) ("It is by now well-settled that a defendant's knowing and voluntary waiver of his right to appeal a sentence within an agreed upon guideline range is enforceable."). A defendant's waiver of his right to file a collateral attack under § 2255 is as enforceable as a waiver of his rights to file a direct appeal. See Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) ("The reasons for enforcing waivers of direct appeal in [cases where the grounds for appeal arose after the plea agreement was entered] lead us to the same conclusion as to waivers of collateral attack under § 2255.").

Although there are certain limited exceptions to this rule, none are applicable here. The exceptions are:

> when the waiver was not made knowingly, voluntarily, and competently, when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, when the Government breached the plea agreement, or when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility . . . .

United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000) (quotation marks and citations omitted).

Prosper contends that his waiver of his right to collaterally attack his sentence was not knowing and voluntary. But the record establishes that he knowingly and voluntarily entered into a plea agreement with a valid and enforceable waiver of his right to collaterally attack his sentence. As set forth above, the waiver and its consequences were discussed, at length, several times throughout the plea hearing before Magistrate Judge Merriam. The waiver was discussed again at the end of the sentencing hearing and Prosper did not voice any concern about the waiver or his understanding of the provision in the plea agreement.

Prosper argues that

> Petitioner submits that he as a layperson standing before the court while entering of the plea of guilty, was totally reliant on the advice of counsel. In this regard, [i]t [i]s unfair to presume that from whatever explanation counsel might offer beyond reading the waiver provision, a reasonably educated layperson will digest how little recourse exists to bring a post-conviction challenge.

Petition (ECF No. 1) at 6.  This contention ignores what actually happened at the plea hearing. As set forth above, Prosper was not totally reliant on whatever explanation defense counsel offered because the judge took pains to explain the waiver provision to Prosper.

### B. No Appeal of the Four-Year Supervised Release Term

The defendant waived the imposition of a term of supervised

8

release if it did not exceed three years, and the court imposed a four-year term of supervised release. Accordingly, his waiver of the right to appeal or collaterally attack his sentence did not cover the supervised release term. The defendant asserts that he was denied effective assistance of counsel because the attorney who represented him at sentencing failed to file a direct appeal of the sentence when requested to do so.

To prevail on an ineffective assistance of counsel claim, the petitioner must show, first, that his "counsel's representation fell below an objective standard of reasonableness" and, second, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

> To satisfy the first, or "performance," prong, the defendant must show that counsel's performance was "outside the wide range of professionally competent assistance," [Strickland, 466 U.S.] at 690, and to satisfy the second, or "prejudice," prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

Brown v. Artuz, 124 F.3d 73, 79-80 (2d Cir. 1997). In this context, "there is no relevant difference between an [attorney's] act of commission and an act of omission." Padilla v. Kentucky, 559 U.S. 356, 370 (2010) (internal quotation marks

9

omitted). Rather, "[t]he court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.

Failure by defense counsel to file a direct appeal of his client's sentence when requested to do so is clearly outside range of professionally competent assistance. However, the evidence at the hearing shows that did not occur here.

As an initial matter the court notes that although the petition alleges that defense counsel refused to file an appeal, Prosper explained during the hearing that those were not his words. Prosper and his family members hired a paralegal who drafted the petition, and Prosper testified that the paralegal did not do a thorough job and the "refused" language was not his words. Rather, Prosper stated that his thinking was that, because the court imposed a four-year supervised release term, he could then appeal all aspects of his sentence, and he wanted to appeal but his attorney talked him out of it. Prosper testified that he had a conversation with his attorney, which took place in the brief period between court being adjourned and the marshals arriving at the defense table to place handcuffs on him and escort him to the lockup. Prosper concedes that he had only a brief moment during which he could have talked with his

attorney once the proceeding ended because the marshals took him out of the courtroom as soon as it ended. He also concedes that at the end of the proceeding he told his attorney that he was content with the sentence. Overall, however, Prosper's recollection was very fuzzy, even as to the conversation he had in prison that led him to conclude that he should file a habeas petition. Also, he testified that he was feeling overwhelmed at the end of the sentencing hearing because he had just been given more time in prison than he was expecting.

Prosper's sentencing counsel testified that once court adjourned, the marshals arrived very quickly to usher Prosper away and that Prosper was focused on looking at his family and hearing remarks that family members were making to him as he was taken from the courthouse. His counsel recalls shaking Prosper's hand and wishing him good luck and that, at that point, Prosper indicated that he was content with his sentence. Prosper's counsel testified that there was no conversation about an interest in appealing.

The court finds there was no conversation about an appeal. Defense counsel's testimony about there not being sufficient time to have the type of conversation Prosper described is consistent with the court's observations with respect to how quickly the marshals arrive at the defense table to place

handcuffs on a defendant once court is recessed or adjourned. In addition, Prosper's recollection of events is too fuzzy to be reliable. This is not surprising, given that he was feeling overwhelmed at the time because he had just received a prison sentence that was longer than he was expecting and things were happening very quickly. Thus, the court concludes that Prosper did not receive ineffective assistance of counsel by virtue of the fact that there was no appeal of the imposition of the four-year term of supervised release.

Prosper does not identify the possible grounds for an appeal of the imposition of a four-year term of supervised release. But at sentencing the court explained that it was particularly important to impose a sentence that deterred the defendant from committing crimes in the future. See 3:15-cr-00168-AWT-11 Sentencing Tr. (ECF No. 724) at 32-33. For the reasons discussed during the sentencing hearing, the court imposed the four-year term of supervised release, even though the Guidelines range was three years.

Nor did Prosper indicate any grounds for appealing or collaterally attacking the four-year term of supervised release during his testimony at the hearing for this claim. Rather, he indicated that he saw the right to appeal the imposition of the four-year term of supervised release as an opportunity to appeal

the other aspects of the sentence.

The court finds Prosper's allegations with respect to the four-year term of supervised release to be without merit.

**IV. CONCLUSION**

For the reasons set forth above, the Petition Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 1) is hereby DENIED. The court will not issue a certificate of appealability because the petitioner has not made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

The Clerk shall close this case.

It is so ordered.

Dated this 27th day of April, 2021, at Hartford, Connecticut.

                                              /s/AWT
                                     Alvin W. Thompson
                        United States District Judge